UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBBIE JACKSON,

                 Plaintiff,                        Case No. 03-75087

vs.

                                             HONORABLE STEVEN D. PEPE

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____/

**OPINION AND ORDER AWARDING FEES**

**I.**     **BACKGROUND**

      Debbie Jackson brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Both parties filed motions for summary judgment which were referred for determination to the undersigned with consent of the parties pursuant to 28 U.S.C. § 636(C). Plaintiff's counsel sought a reversal and award of disability benefits commencing March 22, 2001. A prior administrative decision by ALJ Michael Wilinkin on April 24, 2001, determined that Plaintiff was disabled from January 14, 2000, through January 31, 2001, but not thereafter. This decision was not appealed. Plaintiff, on her new application, asked ALJ Golden to reopen it, which he refused to do.

      In an opinion of December 28, 2004, it was determined that this decision not to reopen was not subject to federal court review, and Judge Wilkinin's decision of non-disability was not subject to challenge through the date of his April 24, 2001, decision. Yet, the Court did on December 28,

2004, grant both Defendant's and Plaintiff's Motion for Summary Judgment in Part and remand for

an award of a closed period of benefits based on a period of disability commencing May 1, 2001,

and ending April 30, 2003. Thus, Plaintiff prevailed on some issues and not on others.

Plaintiff's counsel on March 21, 2005, filed a motion for attorney fees in the amount of

$3,383.80, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The

Defendant has not filed a response to the motion.

## II.   LEGAL STANDARD UNDER THE EQUAL ACCESS TO JUSTICE ACT

The EAJA provides that:

> a court shall award to a prevailing party other than the United States
> fees and other expenses . . . incurred by that party in any civil action
> . . . , including proceedings for judicial review of agency action,
> brought by or against the United States . . . , unless the court finds
> that the position of the United States was substantially justified or
> that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

28 U.S.C. § 2412(d)(2)(A) includes "reasonable attorney fees" as part of the "fees."

Although fees and costs incurred during Social Security administrative proceedings are excluded

from the coverage of the EAJA, legal services relating to actions seeking judicial review of

administrative rulings are compensable under the EAJA. *Reyes v. Secretary of Health and Human

Services*, 807 F. Supp. 293, 297-98 (S.D.N.Y. 1992); *Berman v. Schweiker*, 531 F. Supp. 1149, 1153

(N.D. Ill. 1982), *aff'd*, 713 F.2d 1290 (7th Cir. 1983).

In an action challenging the Commissioner's denial of Social Security benefits, the defendant

carries the burden of proving that the denial of benefits was substantially justified so as to warrant

denying plaintiff's request for attorney fees under the EAJA. *Welter v. Sullivan*, 941 F.2d 674, 676

(8th Cir. 1991); *DeFrancesco on Behalf of DeFrancesco v. Sullivan*, 803 F. Supp. 1332, 1336 (N.D.

Ill. 1992); *Williams v. Sullivan*, 775 F. Supp. 615, 618 (S.D.N.Y. 1991). The determination whether the position of the Secretary of Health and Human Services is substantially justified is within the court's discretion, *Pierce v. Underwood*, 487 U.S. 552, 559, 108 S. Ct. 2541, 2547 (1988), and depends on whether the agency's analysis of the claimant's case was adequate and its conclusions based upon that analysis reasonable, *see, e.g., Williams, supra; Reyes, supra,* at 298-300; *Rother v. Shalala*, 869 F. Supp. 899, 901 (D. Kan. 1994). In *Pierce v. Underwood*, 487 U.S. at 567-68, Justice Scalia, writing for himself and four other justices, refused to interpret "substantially justified" as meaning something more than merely reasonable. Rather, the term means only that the government's position is:

> 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by . . . the vast majority of other Courts of Appeals that have addressed this issue. *See . . . Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974, 980 (6th Cir. 1985) ....

*Pierce,* 487 U.S. at 565 (other circuit court citations omitted).

In the Social Security context, the position of the government can be deemed to be substantially justified under the EAJA even though this Court found there was not substantial evidence to uphold the agency finding. *Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989); *Couch v. Secretary of HHS*, 749 F.2d 359, 360 (6th Cir. 1985), which held:

> The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified.

*Couch,* 749 F.2d at 360.

## III.   ANALYSIS

### A.   Plaintiff is Entitled to an Award of Fees Under EAJA

While the Defendant prevailed for periods prior to May 1, 2001, and after April 30, 2003,

Plaintiff is a "prevailing party" for periods between May 1, 2001, and through April 30, 2003. The Defendant had not presented any arguments to the Court on why its position on the issue of disability between May 1, 2001, and through April 30, 2003, was substantially justified. As noted in the December 28, 2004, Opinion at page 17 "most of the justifications ALJ Golden gives are those a reasonable person could accept for periods after her second surgery. But for periods prior to that, and a reasonable period of recovery thereafter, they are not totally accurate." While the second surgery was December 6, 2001, it was noted in the opinion that Plaintiff's disability continues for a reasonable period of recovery – five months through April 30, 2003. Her period of improvement came only after this second surgery and the ALJ's justifications for denying benefits from May 1, 2001, through April 30, 2003, were thin, often including mischaracterizations, and not reasonable. The Defendant's litigation position regarding this period was not substantially justified. Accordingly, Plaintiff is entitled to an award of fees under EAJA including attorney fees.

**B.      Calculation of Attorney Fees**

As noted above, Plaintiff was not the prevailing party on all issues, and thus an award of fees should not include legal services on issues where Plaintiff did not prevail. Yet, many of the legal services required to bring an action under 42 U.S.C. § 405(g) are necessary for both issues on which one prevails and on issues where one does not prevail. Thus separation of the attorney time invested in the prevailing issues from the time spent on the non-prevailing issues is not a precise science. Upon review of the itemized billing entries and the Plaintiff's motion for summary judgment and current motion, it appears that most of the time entries would have been necessary even if Plaintiff's counsel had only challenged the portions of Commissioner's decision upon which Plaintiff prevailed. Yet, certain of the research and brief were addressed to issues and time periods for which

4

Plaintiff dd not prevail.  It is determined that the research, administrative record review and brief writing hours should be reduced by 4 hours for these non-prevailing issues.  It is also found that Plaintiff's counsel's request for a blended hourly rate of $140.00 is reasonable.

This leaves 20.17 hours at $140.00 per hour.  Thus, Plaintiff is awarded $ 2,823.80 in fees under EAJA.

SO ORDERED.

Dated: September 28, 2005                        s/Steven D. Pepe_____
Ann Arbor, Michigan                              UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on September 28, 2005.

s/William J. Barkholz___
Courtroom Deputy Clerk

5